430 P.2d 440

**Michael J. ORLANDO, Appellant,**

v.

**Gussie Sharlene NORTHCUTT, a minor,
Appellee.**

**1 CA–CIV 410.**

Court of Appeals of Arizona.

July 24, 1967.

Rehearing Denied Aug. 15, 1967.

Review Granted Oct. 13, 1967.

Kenneth Rosengren, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by: James Moeller, D. W. Grainger, Phoenix, for appellee.

STEVENS, Judge.

The appellant was the plaintiff in the trial court. He sued for damages resulting from the claimed negligence of the defendant. He alleged that while the car he was occupying was stationary waiting to make a left turn across the center line of a highway in the nighttime, a car driven by the defendant collided with the rear of his car. The issue of contributory negligence was raised.

During the afternoon of the third day of the trial, the jury returned a verdict for the

defendant. The minutes of the trial disclose that in support of the plaintiff's claim: 18 exhibits were introduced in evidence; the plaintiff testified; the defendant's deposition was read to the jury; and six additional witnesses testified. The only evidence presented to the jury on behalf of the defendant was her brief testimony.

After the verdict and judgment in favor of the defendant, the plaintiff filed a motion for new trial which was presented to the court and denied. This appeal followed. The record on appeal includes the deposition of the defendant; the testimony of the plaintiff and of the defendant; the transcript of the settling of the instructions; and the transcript of the instructions given by the court to the jury. The testimony of several of the witnesses was not presented in aid of the appeal and the exhibits were not designated. This procedure is authorized by the rules.

The basic issues raised on the appeal related to the court's instructions. In brief, the plaintiff urges error in the trial court's refusal to give the plaintiff's requested instructions on res ipsa loquitur and last clear chance. He further urges an overemphasis of the contributory negligence and burden of proof instructions as well as the modification of one of his requested instructions on the subject of contributory negligence.

Rule 51, Rules of Civil Procedure, 16 A.R.S., relates to instructions in civil cases. Attorneys may submit written requests for instructions. Rule 51(a) provides in part:

"Rule 51. Instructions to jury; objections; arguments

"51(a) Instructions to jury; objection. * * * The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury * * *. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of hearing of the jury."

Rule 51(b) provides, in part, that;

"(t)he instructions which the court will give may be used by the parties in the argument to the jury."

Rule 51 does not specify a uniform format for announcing the Court's rulings relative to requested instructions or for the presentation of the attorney's objections. The method used by Judge Tang in this case appears to us to be one method which makes a good record, clearly informs the attorneys as to each ruling before argument and possible use of the instructions during argument, and presents a well organized record for consideration on the appeal. Prior to the making of the formal record, an informal unreported conference was held between court and counsel. We quote portions of Judge Tang's record:

"The Court will go through the instructions, going first through the Plaintiff's Requested Instructions and indicate the action or ruling taken by the Court as to the requested instructions.

"If you have objections or exceptions to the rulings of the Court, they will be made as we proceed.

"Plaintiff's Requested Instruction Number 1 will be given.

"Plaintiff's Requested Instruction Number 2 will be given as modified, and as modified and in the second line of the instruction the phrase 'but need not' is stricken, and the entire last sentence of the instruction is stricken."

Immediately following the court's ruling on this requested instruction, plaintiff's counsel stated his objections to the action which was taken.

Without further quoting the record we observe that the court discussed each of the requested instructions in the chronology of their numbered presentation and made a statement as to those instructions which had been refused and those instructions which had been withdrawn. During this same conference, in the presence of the

court reporter, the court settled the forms of verdict.

The forms of verdict were the last item of the formal instructions of the jury. Just prior thereto, the court inquired of counsel:

"Gentlemen, are there further instructions to be given or any corrections to any instructions which have been given?"

The following replies were received:

"MR. ROSENGREN: No, your Honor.

"MR. GRAINGER: Nothing, your Honor."

The court again inquired of counsel just prior to the time that the jury retired to deliberate:

"If there are no further instructions, the Clerk will please swear the bailiffs."

█ In the case of Deisler v. Stevens, 77 Ariz. 16, 266 P.2d 738 (1954), our Supreme Court was called upon to review a jury trial without the aid of a transcript of the testimony and in the absence of exhibits. Therein the court stated:

"This court is firmly committed to the rule that where no transcript of the evidence is sent up on appeal alleged errors in instructions cannot upset the result below unless the instruction is shown to be an incorrect abstract statement of the law prejudicial to the defendant under every conceivable state of the evidence. * * *"

We apply the same rule when a partial record is forwarded to us.

█ Whether or not a last clear chance instruction will be given depends upon the state of the evidence and the sound judgment of the trial court. A statement of the principles guiding the applicability of the doctrine of last clear chance is found in Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961). Not having the complete record before us, we are not able to state that the trial judge committed error in refusing this requested instruction.

█ The plaintiff urges that in rear-end collision cases between a moving and a standing vehicle, it is proper to give a res ipsa loquitur instruction and cites the case of Merry v. Knudsen Creamery Co., 94 Cal. App.2d 715, 211 P.2d 905 (1949). We do not negative the proposition that there may be situations wherein such an instruction would be appropriate. Applying the test set forth in Throop v. F. E. Young and Company, 94 Ariz. 146, 382 P.2d 560 (1963), which case in turn cites Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717 (1956), and in the light of the rule stated in Deisler, we are unable to state that there was error in the trial court's refusal to instruct on the doctrine of res ipsa loquitur.

The plaintiff urges that the trial court gave "repetitious, overlapping, duplicating and redundant instructions concerning burden of proof".

In 1959, a committee of the State Bar of Arizona compiled an unofficial set of suggested instructions for use in tort cases. These are called the Arizona Uniform Jury Instructions and are commonly referred to as the AUJI. The AUJI have been used extensively by the Bar and the Bench of Arizona since they were compiled. Rule XXII(b) of the Superior Court Local Rules for Maricopa County, 17 A.R. S., provides that "(a)ll requested instructions * * * shall cite the authorities relied on by counsel in support thereof". Of the 12 instructions requested by the plaintiff, 8 referred to AUJI as their authority, and of the 18 instructions requested by the defendant, 8 carried like citations. We do not say that there is no room for improvement in some of the AUJI drafts; we believe these drafts to be basically sound and safe.

█ In Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199 (1956), our Arizona Supreme Court criticizes repetitive instructions. It is often true that there may be several instructions each of which is complete in itself and includes the matter of burden of proof. When several complete instructions are combined it may be that the burden of proof aspect is restated more than is nec-

essary. If this be objectionable, the duplication should be expressly called to the attention of the court at the time that instructions are settled, [Rule 51(a)], and, if need be, a single adequate instruction should be tendered to the Court. Dubreuil v. Gardner, 99 Ariz. 312, 409 P.2d 23 (1965). In our opinion, this phase of the plaintiff's claim of error was not adequately perfected in the trial court and our consideration of the instructions as a whole does not impress us as reflecting any prejudice which would be likely to result to the plaintiff.

■ Instructions on the subject of contributory negligence has been one of the difficult areas of tort instructions. Section 5 of Article 18 of the Arizona Constitution, 1 A.R.S., specifies that "(t)he defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury". Two of the frequently cited cases on the subject of instructions relating to contributory negligence are Wolfswinkel v. Southern Pacific Company, 82 Ariz. 33, 307 P.2d 1040 (1957) and Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962). In Layton the Supreme Court held that an instruction which advises the jury that if it finds contributory negligence it "must" return a verdict in favor of the defendant is fundamental error. The court further held that "should" is preferable and that "may" is not reversible error. Difficulty arises in the effort to tell the jury that an act which may be negligence as a matter of law in examining the conduct of a defendant, somehow has a different flavor when the same act is committed by the plaintiff. The Bar appears to be reasonably satisfied with the treatment which the AUJI gives to this subject. The plaintiff urges that the instructions given by the court were unduly repetitious in that several of the instructions submitted by the defendant and given by the court stated, in substance, "then your verdict should be for the defendant". No individual instruction was the subject of objection on this basis.

There was no offer of a single instruction to replace portions of other instructions in relation to the jury's application of contributory negligence if contributory negligence be found.

■ The plaintiff objected to defendant's requested instruction No. 6 which is AUJI No. 6. This instruction reads as follows:

"If a party's conduct is negligent it is unimportant whether the other party was more negligent. Therefore, if the conduct of both plaintiff and defendant fell below the legal standard of ordinary care and if the conduct of each considered separately was a proximate cause of the accident, it is immaterial whether or not the defendant's conduct was more negligent than that of plaintiff. In such a case the plaintiff should not recover."

The plaintiff urged that the instruction is redundant and duplicitous, stating that other instructions requested by the defendant and given by the court adequately covered the field of contributory negligence. We are unable to agree. This instruction advises the jury that comparative negligence is not the test in Arizona. We reserve comment as to the effect of our death statute (A.R.S. Section 12–613) which is not here involved.

The plaintiff moved for a directed verdict in his favor on the question of liability and this motion was denied. To counter the effect of the contributory negligence instructions offered by the defendant, the plaintiff offered his requested instruction number 2 which is AUJI No. 7–A.

■ This instruction is as follows:

"Where plaintiff, Michael J. Orlando, violates a statute governing motor vehicles on the highways you may, *but need not*, find this to be negligence. The Constitution of Arizona gives the jury the sole and exclusive right to determine whether plaintiff, Michael J. Orlando's conduct amounts to contributory negligence. In weighing the plaintiff Michael J. Orlando's conduct against the stand-

ard of reasonable and ordinary care required of all persons you may consider the statutes read to you and all the circumstances of the case. *You may, but need not, apply the standards and requirements fixed by the legislature for drivers of motor vehicles.* (Italics supplied)

The court struck out those words which are underscored. The plaintiff entered timely objections and urges error in this Court. It is our opinion that the trial court committed error in this respect. It is our opinion that the meaning and intent of our constitutional provision requires that the stricken words remain in the instruction and that this error is of sufficient gravity to require a reversal of this cause.

This cause is reversed and returned to the Superior Court for a new trial.

CAMERON, C. J., and DONOFRIO, J., concur.