459 P.2d 304

**Irena May EVANS, a single woman, Appellant,**

v.

**John Doe DINEEN and Mary Ann Dineen, his wife, Appellees.**

No. 9663.

Supreme Court of Arizona.

In Division.

Oct. 10, 1969.

Virginia Hash and Jerome R. Kase, Phoenix, for appellant.

Snell & Wilmer, by John Bouma, Phoenix, for appellees.

HAYS, Justice.

The plaintiff below appeals from an adverse judgment in an action arising out of a collision between an automobile and a horse in North Phoenix. The only question for determination on this appeal is whether the trial court correctly refused to instruct the jury as to the doctrine of Last Clear Chance.

At midday on a sunny Sunday in November, 1964, plaintiff and her male companion were riding horses in a westerly direction along the right hand side of Orchard Lane. Defendant's automobile, driven by defendant and carrying two of defendant's minor children, was headed in the same direction, and passed the two equestrians somewhere between the points where Orchard Lane intersects with Central Avenue and Third Avenue. Soon after defendant's car drove past the riders, plaintiff's horse suddenly bolted into a gallop, which plaintiff, though struggling desperately, was unable to control. By the time defendant's vehicle had reached the Third Avenue intersection, plaintiff's runaway horse had crossed to the left side of the street, and as defendant turned her automobile left onto Third Avenue plaintiff's horse collided with the left front of defendant's car. The collision resulted in substantial bodily injuries to plaintiff.

In her complaint, plaintiff alleged that her condition of helplessness on her runaway horse placed her in a "position of imminent peril," that "the defendant actually

saw, discovered and realized the position of peril in which plaintiff had been placed," and that "by the exercise of ordinary care" defendant "could have avoided the said collision." Extensive testimony was offered at trial in behalf of both parties as to the particular circumstances leading up to the collision. Because a material question of fact concerned the relative positions and speeds of the defendant's vehicle and plaintiff's horse during the moments leading up to the collision, each of the eyewitnesses to the event was asked to supplement his oral testimony at trial by charting what he saw on diagrams of the area drawn to scale. These diagrams have not been made part of the record on appeal.

At the conclusion of the evidence, the trial judge reviewed the requested instructions of both parties, and instructed the jury as to both negligence and contributory negligence. He refused, however, to give plaintiff's requested instruction on Last Clear Chance. The jury returned a defense verdict.

■ We have on numerous occasions enumerated the elements necessary for application of the Last Clear Chance doctrine in Arizona, and need not restate those elements here. See Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961); Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958); Trauscht v. Lamb, 77 Ariz. 276, 270 P.2d 1071 (1954); Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946). It is also clearly established that to support an instruction on Last Clear Chance, there must be "substantial evidence" of the requisite elements. Layne v. Hartung, 87 Ariz. 88, 348 P.2d 291 (1960). In order to determine whether such an instruction should be given, the evidence must be considered in the strongest possible light to support the plaintiff's position. Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939).

■ Our review of the incomplete record before us provides no indication that the trial judge erred in refusing to give plaintiff's requested instruction. Without the numerous charts and diagrams which were a significant part of the evidence admitted at trial, we cannot say that there was substantial evidence to support an instruction on Last Clear Chance. An example of the difficulty afforded us by the incomplete record appears in the trial testimony of John Brower, plaintiff's companion horserider, who testified while graphically illustrating what he saw:

"And then she would pull herself back up with the saddle horn and then kept pulling with the right hand on the reins. And I was screaming to her to pull harder, to pull harder. And the car, she passed the car somewhere in here and she was about in here (indicating). And she traveled all along this edge here of this curbing here (indicating).

And about in here the car passed her again and then it turned this way (indicating). And Rena's horse went across this one corner of the lawn here and collided right in here (indicating)." R. T. 85.

The testimony alone is simply insufficient to determine exactly what was adduced at trial.

We quote with approval a passage from the Court of Appeals opinion in Orlando v. Northcutt, 6 Ariz.App. 94, 430 P.2d 440 (1967), in which Judge Stevens wrote:

"In the case of Deisler v. Stevens, 77 Ariz. 16, 266 P.2d 738 (1954), our Supreme Court was called upon to review a jury trial without the aid of a transcript of the testimony and in the absence of exhibits. Therein the court stated:

'This court is firmly committed to the rule that where no transcript of the evidence is sent up on appeal alleged errors in instructions cannot upset the result below unless the instruction is shown to be an incorrect abstract statement of the law prejudicial to the defendant under every conceivable state of the evidence. * * *'

We apply the same rule when a partial record is forwarded to us.

Whether or not a last clear chance instruction will be given depends upon the

state of the evidence and the sound judgment of the trial court. A statement of the principles guiding the applicability of the doctrine of last clear chance is found in Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961). Not having the complete record before us, we are not able to state that the trial judge committed error in refusing this requested instruction." 6 Ariz.App. at p. 96, 430 P.2d at p. 442.

The record accompanying this appeal does not indicate that any error was committed in the trial judge's refusal to instruct the jury as to Last Clear Chance. The judgment of the trial court is therefore affirmed.

UDALL, C. J., and McFARLAND, J., concur.