528 P.2d 171

Ramona Lee **PACKARD** and Richard E.
Packard, her husband, Appellants,

v.

Joseph West **REIDHEAD**, Individually and
as surviving husband of Patricia Ann
Reidhead, Deceased, and Johnson & Stew-
art Materials, Inc., an Arizona corpora-
tion, Appellees.

**No. I CA–CIV 2198.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 19, 1974.

Rehearing Denied Dec. 17, 1974.

Review Denied Jan. 28, 1975.

Lewis & Roca, by David L. Grounds, Paul G. Ulrich and T. Michael Daggett, Phoenix, for appellants.

Bellamak & Mitchell, by Ferris W. Bellamak, Scottsdale, for appellees.

OPINION

DONOFRIO, Presiding Judge.

This is an appeal from a judgment following a jury verdict in a suit and countersuit resulting from an automobile-dump

truck collision. A verdict was rendered in favor of plaintiff-appellee Reidhead, and against the defendants-appellants Packard.

The facts reveal that at approximately 5:00 p. m. on October 24, 1969 Reidhead was driving a loaded dump truck owned by Johnson & Stewart Materials, Inc. east on McKellips Road near the intersection of North Mesa Drive in Mesa, Arizona. His wife was a passenger in the truck. At the same time, Mrs. Packard was driving her automobile west on McKellips Road near the intersection of North Mesa Drive. Her son Edward was a passenger in the automobile. The McKellips Road-North Mesa Drive intersection was controlled by a traffic light.

While Mrs. Packard was in the intersection attempting to make a left turn from the left turn lane on McKellips Road south to Mesa Drive, Reidhead's truck collided with her automobile. The force of the collision propelled both vehicles to the southeast corner of the intersection where they collided with an exposed gas main and power poles. A major gas and electrical fire ensued. As a result of the incident, the occupants of both vehicles sustained serious injuries, with Mrs. Reidhead being consumed in the fire.

Most of the trial testimony concerned whether Reidhead could have avoided the collision and whether the traffic light was red when he entered the intersection. Appellants Packard argue that the nature and sufficiency of this testimony becomes critical in view of three rulings made by the trial court upon which this appeal is based:

1) Refusal to give the Packards' requested "last clear chance" instructions;

2) Admission in evidence over the Packards' timely objection of Exhibit 11, the installation report concerning the timing sequence of the McKellips Road-North Mesa Drive traffic light; and

3) Admission of oral testimony by a Mr. Richard Evans, a Maricopa County Highway Department traffic signal supervisor concerning later records relating to that signal.

On review appellants present two main points of contention.

## I. WAS ADMISSION OF THE INSTALLATION REPORT IN EVIDENCE IN VIOLATION OF UNIFORM RULE OF PRACTICE 16, A.R.S. § 12-2262, AND RULE OF CIVIL PROCEDURE 44(q) [16 A.R.S.] AND THEREFORE PREJUDICIAL AND REVERSIBLE ERROR?

Uniform Rule of Practice of the Superior Court 16(c)(1), 17A A.R.S. provides in part,

"Counsel who will try the civil cases for the parties and who are authorized to make binding stipulations shall meet personally, and prepare a written pretrial statement, signed by each counsel, to be filed with the court within the time set by the court, and if no time is set, then not less than two days prior to the date of trial. Such pretrial statement shall contain the following:

"(i) That all exhibits and a list of witnesses intended to be used at trial have been exchanged (other than those to be used for impeachment);

\* \* \* \* \* \*

"(vi) The exhibits which the parties agreed are admissible at trial, or if not in agreement, a list of the objections and the grounds that a party will make if the exhibits are offered at trial;

\* \* \* \* \* \*

"No other exhibits or witnesses shall be used during the trial other than those listed and exchanged, except for good cause shown."

It is undisputed that the installation report was not listed or exchanged prior to trial. Nevertheless, we feel that its admission was a permissible exercise of discretion despite the technical noncompliance with Rule 16(c). The trial transcript reveals the following dialogue:

"MR. GROUNDS: If the Court please, at this time we would object to the ad-

mission into evidence of this particular exhibit. It was not listed on the pretrial statement as required.

I must confess Mr. Bellamak informed me sometime last week that he's been calling this gentleman [Mr. Richard Evans]. The man was not listed as a witness on the pretrial statement nor was this—"

Defense counsel cannot be said to have been prejudiced or surprised by the failure of appellant to have technically complied with Rule 16(c), when he had been informed in advance that appellant would call Mr. Evans as a witness. The trial court is granted wide discretion under Rule 16(c). Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968). By permitting Mr. Evans to testify over objection, the trial court was exercising this discretion. Under the circumstances we do not feel that this can be considered reversible error. It should be noted at this point that appellee in his brief before us attached a copy of the letter supposedly sent to Mr. Grounds indicating his intention to call Mr. Evans and his availability for deposition purposes. The trial transcript, however, does not reveal whether the trial judge ever had the letter before him. It therefore would be impermissible for us to consider it as a basis for our decision, and we have not done so. Despite this dilemma, we feel that the admission by Mr. Grounds of his being informed that Mr. Evans would be called as a witness cured the noncompliance with Rule 16(c) and gave the trial court the basis for which it could properly rule the installation report admissible.

We next turn our attention to whether the installation report was admitted into evidence in violation of A.R.S. § 12–2262 and Arizona Rule of Civil Procedure 44(q) which provides:

"44(q) Proof of business record; definition; as evidence

"1. The term 'business' includes every kind of business, profession, occupation, calling or operation of institutions, whether or not carried on for profit.

"2. Any record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Appellant claims that a proper foundation was not laid in the present case for the introduction of the installation report into evidence. Examination of the transcript reveals a tenuous foundation. Evans did not testify as to mode of preparation of the document or that it was recorded at or near the time of the installation of the traffic signal. However, we are of the opinion that in this case there was not an adequate objection to its admission to allow us to reverse the trial judge. Appellee did lay a partial foundation for the introduction of the installation report, and therefore appellant's failure to point out with particularity the shortcomings of the partial foundation is inadequate to preserve the issue for appeal purposes. Under these circumstances, when a partial foundation has been laid, to simply object "no foundation" is inadequate and can even be considered as general. We are of the opinion that when the objection was overruled counsel should have been more specific to the court. The purpose of the rule requiring some specificity of grounds for objection is to enable the adversary to obviate the objection if possible and to permit the trial court to make an intelligent ruling and rectify error if possible. State v. Hoffman, 78 Ariz. 319, 279 P.2d 898 (1955); City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135 (1959). See State v. Favors, 92 Ariz. 147, 375 P.2d 260 (1962); State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

Appellants next complain that the Best Evidence Rule was violated because the witness Evans testified that he had

searched his department's records and had not found any record or evidence to show that the timing sequence, as stated in the installation report, had been changed at any time following the initial installation of the traffic light. We cannot agree.

Although under the provisions of Rule 44(h) of the Arizona Rules of Civil Procedure Mr. Evans could have submitted a written statement that a search of his records failed to disclose the existence of a record that the timing sequence had changed, it is not mandatory. Furthermore, his sworn testimony to this fact is entitled to as much weight as his written statement. We fail to see how the Best Evidence Rule has application to the nonexistent records, particularly when those who have access to and control of the records testify as to their search and the nonexistence of the records.

## II. THE COURT'S REFUSAL TO GIVE A LAST CLEAR CHANCE INSTRUCTION WAS NOT REVERSIBLE ERROR

 In resolving this issue we need not get to the determination of whether the trial judge was guided by whether evidence, when considered in the strongest possible light to support the theory of the party asking the last clear chance instruction, would warrant the jury's reasonably concluding that elements of that test were met. Cf. Evans v. Dineen, 105 Ariz. 44, 459 P.2d 304 (1969). Instead, Rule 51(a) of 16 A.R.S. is our basis for rejecting this argument. Rule 51(a) states in part:

". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of hearing of the jury." (Emphasis supplied)

It is our experience that a strict compliance with the rule which specifies that objections and instructions be made and recorded before the instructions are given to the jury is the preferred practice. Nevertheless, as was done here, it is not error to permit counsel to stipulate that objections and exceptions to the jury instructions may be made after the jury has retired. This, however, does not allow counsel to voice his objections without particularity. Appellant argues with supporting affidavit that the actual settling of instructions occurred off the record and in chambers and that the appropriateness of giving the instructions requested were argued to the court at some length in chambers. No record exists as to these arguments and therefore we cannot judge whether particular objections were made to the instructions. The only objection raised by appellant was as follows:

"Additionally we object to the court's refusal to give defendants' requested instruction number 10, contributory negligence, with respect to the last paragraph. The Court gave paragraphs 1 and 2 and refused to give paragraph 3. On instruction number 10, which is the last clear chance, we believe that all of instruction number 10, contributory negligence, and the instruction on last clear chance should have been given because this is a true and accurate statement of the facts as applicable in this case."

The language of this objection can be interpreted only to be insufficient. Almost the precise language was ruled as being an inadequate objection in Sult v. Bolenbach, 84 Ariz. 351, 327 P.2d 1023 (1958). Although by stipulation counsel can preserve his basis for appeal by distinctly stating his objections to the court's refusal to give a last clear chance instruction after the jury retired, it does not at that time permit him to voice his objections in generalities, even though specific objections may have been enunciated in chambers when instructions were being settled if no record has been made as to the chambers discussion.

Because counsel has failed to properly specifically object to the proffered instruc-

tions under Rule 51(a), he is precluded from seeking appellate review. United Bank of Arizona v. Wine, 18 Ariz.App. 23, 499 P.2d 754 (1972); Musgrave v. Githens, 80 Ariz. 188, 294 P.2d 674 (1956).

Affirmed.

OGG and STEVENS, JJ., concur.