840 P.2d 1034

**The STATE of Arizona, Appellee,**

v.

**Rene Anthony GUERRERO, Appellant.**

**No. 2 CA–CR 91–0139.**

Court of Appeals of Arizona,
Division 2, Department B.

March 31, 1992.

Reconsideration Denied May 13, 1992.

Review Denied Dec. 1, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Daniel J. Kiley, Phoenix, for appellee.

Harriette P. Levitt, Tucson, for appellant.

## OPINION

FERNANDEZ, Presiding Judge.

Appellant was convicted of three counts, all class 2 felonies: conspiracy to sell a narcotic drug, offering to sell a narcotic drug, and transfer of a narcotic drug. The state alleged that count 1 was a prior conviction to counts 2 and 3 and that count 2 was a prior to count 3. After the jury returned with its verdicts, the court dismissed the latter allegation. The court sentenced appellant to concurrent, presumptive terms of seven years on count 1 and 10.5 years each on counts 2 and 3.

Appellant contends on appeal that reversible error occurred because 1) improper evidence of prior bad acts was admitted, 2) the state's closing argument was improper, 3) Pima County had no jurisdiction to try him on count 1, 4) his sentences constitute double punishment, and 5) a witness improperly commented on his post-arrest silence. We affirm.

In the spring of 1989, agents from the Drug Enforcement Administration (DEA) arrested Kevin Randolph for supplying approximately one pound of cocaine to an informant. Randolph later agreed to work as an informant for the DEA in exchange for a reduction in the severity of his charge and a term of probation. Randolph then called appellant seeking to purchase four to five pounds of cocaine. After negotiations, they arranged to meet in Toltec on November 1, 1989, for Randolph to purchase a sample of two ounces. DEA agents testified that they searched Randolph and then gave him $1,600. While under surveillance, Randolph met with appellant and later gave the agents two ounces of cocaine. He and his car were then both searched again.

After further negotiations, some between appellant and a DEA agent, appellant offered to sell Randolph one pound of cocaine for $9,500. After Randolph was searched by the agents, he met appellant at a Tucson gas station on December 2, 1989,

and appellant gave him one pound of cocaine. The DEA agents then arrested appellant.

## EVIDENCE OF PRIOR BAD ACTS

Over appellant's objection, Randolph testified that he had known appellant since they were both in junior high school and that shortly after they met, appellant began supplying him with marijuana that he sold to others. Randolph testified that appellant continued to supply him with drugs even after he moved to Phoenix and expanded his business to include cocaine. He testified that cocaine sales under a quarter-pound usually took place at a fast food restaurant in Toltec, and sales of larger quantities usually took place at a gas station in Tucson.

Appellant contends that the trial court erred in permitting the prior bad acts testimony, arguing that *State v. Featherman,* 133 Ariz. 340, 651 P.2d 868 (App.1982) requires the evidence of a prior crime to be substantial enough to submit to a jury before it can be admitted as prior bad acts evidence.

■ Pursuant to Rule 404(b), Ariz. R.Evid., 17A A.R.S., evidence that a defendant has committed acts other than those for which he is on trial is generally inadmissible because it is irrelevant and because it creates a danger of unfair prejudice to the defendant. Those acts can be admitted for other purposes, however, in order to prove the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* The court found the evidence admissible here after the state argued that it was relevant to show the pattern of dealings between Randolph and appellant.

■ At trial, appellant argued only that the evidence constituted improper prior bad acts evidence; he now argues on appeal that it was improperly admitted because Randolph's testimony did not contain any specifics about times, dates, places, or quantities of the prior dealings. We find, however, that the issue was not properly preserved for appeal. A claim that insufficient foundation was laid for the admission of evidence cannot be raised on appeal unless the appellant specifically pointed out to the trial court the alleged defect in the foundation laid. *Packard v. Reidhead,* 22 Ariz.App. 420, 528 P.2d 171 (1974). The rule gives the opponent an opportunity to cure the defects and the trial court an opportunity to rule intelligently. *Id.* Under the circumstances, we find no error in the admission of the evidence.

## PROSECUTORIAL MISCONDUCT

Appellant next complains that he was prejudiced by the prosecutor's statement in his closing argument that one pound of cocaine provides 49,000 doses, arguing that there was no evidentiary basis for the statement. We disagree. The DEA chemist testified that the amount of cocaine seized on December 2 would provide 49,940 standard doses. We also note that appellant never objected to the argument nor raised the issue below.

## JURISDICTION OF CONSPIRACY COUNT

■ Appellant argues that the trial court lacked jurisdiction to try him on the conspiracy count, contending that none of the overt acts alleged to have been done in furtherance of the conspiracy occurred in Pima County. We disagree. Some of the overt acts alleged were negotiating to sell, transporting, transferring, and selling cocaine, all of which took place in Pima County on December 2, 1989. The fact that an act is charged as a substantive offense does not preclude the state from also charging it as an overt act in furtherance of a conspiracy. *State v. Olea,* 139 Ariz. 280, 678 P.2d 465 (App.1983).

Appellant also argues that because the information alleged that the conspiracy occurred between November 1, 1989, and December 1, 1989, it was fatally defective because the sale in Pima County occurred on December 2, 1989. Contrary to appellant's assertions, however, the information alleged that the conspiracy occurred be-

tween November 1 and December 2. We find no error.

## DOUBLE PUNISHMENT

 Section 13–116, A.R.S., provides that "[A]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may the sentences be other than concurrent." The court sentenced appellant to concurrent terms on all three counts. He was sentenced to a presumptive term of seven years on count 1 and to presumptive terms of 10.5 years each on counts 2 and 3 because count 1 was found to constitute a prior conviction to those counts. As a result, appellant will serve an additional 3.5 years on those counts. Appellant argues that the additional 3.5 years violates § 13–116.

In effect, appellant argues that the statute requires that an act punishable under different statutes can only be punished under the less severe of the two. Section 13–116, however, does not preclude the imposition of sentences of differing lengths so long as they are served concurrently. We find that appellant's sentences do not violate the statute.

## COMMENT ON APPELLANT'S POST–ARREST SILENCE

 During a DEA agent's direct examination, he was asked what he did after appellant was arrested. The agent testified that he went to the Tucson Police Department and "tried to interview" appellant. Although appellant did not object to the remark, we agree that it was a comment on his right to remain silent. However, "[a]n improper comment on [a] defendant's silence may be harmless error." *State v. Guerra*, 161 Ariz. 289, 297, 778 P.2d 1185, 1193 (1989). A comment does not constitute reversible error unless the prosecution draws the jury's attention to the defendant's exercise of the right to remain silent and uses it to infer guilt. *People v. Ashton*, 661 P.2d 291 (Colo.App. 1982).

Here, the prosecutor did not expressly ask about the agent's attempt to interview appellant, and nothing was done to highlight his answer. The jury was not told whether the attempt was successful, and the issue was not raised in closing argument. The evidence of appellant's guilt was overwhelming and uncontroverted; therefore, we find that the error was harmless. *State v. Guerra, supra.*

Affirmed.

HATHAWAY and DRUKE, JJ., concur.