**169 P.2d 84**

**CASEY v. MARSHALL et al.**

**No. 4808.**

Supreme Court of Arizona.

May 20, 1946.

Hill, Robert & Hill, of Phoenix, for appellant.

Gust, Rosenfeld, Divelbess & Robinette, of Phoenix, for appellees.

MORGAN, Judge.

In their motion for rehearing, defendants for the first time make the following claims: 1. Under the decision of this court in Santa Fe, P. & P. R. Co. v. Ford, 10 Ariz. 201, 85 P. 1072, we are committed to the rule of discovered peril in applying the last clear chance rule. 2. The instruction requested by plaintiff was insufficient in that it did not advise the jury that the driver of defendants' car must have had the opportunity and the ability to have avoided the collision after he had discovered plaintiff's peril.

In preparing the opinion here, we had considered the Santa Fe v. Ford case. We cited Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169, 171, in which an instruction on the last clear chance doctrine appears, containing the following: "and that the driver of the said automobile saw or by the exercise of ordinary care might have seen the said plaintiff * * *." We were under the impression that the Garlington opinion sufficiently disclosed that the humanitarian rule of last clear chance was recognized in this jurisdiction. If not already adopted, we now approve the rule supported by the great weight of authority that the last clear chance doctrine applies both where the defendant saw or in the exercise of reasonable care should have seen the plaintiff's peril.

Neither at the trial nor on the appeal in this case was any objection made to the sufficiency of the requested instruction quoted in the opinion. The only objection made in the lower court, and upon which the trial denied the submission of the last clear chance doctrine to the jury was as follows:

"Mr. Divelbess: We object to plaintiff's requested instruction on the last clear

chance doctrine because the plaintiff hasn't pleaded the last clear chance doctrine in his complaint."

The sole question presented both at the trial and on this appeal was whether the evidence was such that plaintiff was entitled to have the jury instructed under the last clear chance doctrine. As we have seen, the court refused the proposed instruction and gave no other on the subject, nor was any objection made because of its insufficiency. It is our view that plaintiff was "entitled to an appropriate instruction in the terms proposed by them or the legal equivalent thereof." Howard v. Worthington, 50 Cal.App. 556, 195 P. 709, 710.

In the opinion we did not pass upon the form or sufficiency of the requested instruction, and we do not now approve it as to form. We think the instruction set out in Garlington v. McLaughlin, supra, more nearly covers the elements of the last clear chance doctrine. However in the absence of direct objection, the instruction may be construed as inferring that after discovery of plaintiff's peril, the defendant would be negligent only in failing to exercise ordinary care in the use of the means at his command to avoid the harming of plaintiff. Rogers v. Interstate Transit Co., 212 Cal. 36, 297 P. 884. In this connection, it must be borne in mind that the operator of a motor vehicle is under a duty to keep his vehicle under control so as to avoid a collision with others using the highway. He may not allow his automobile to be in such condition that he cannot properly control it in an emergency. Pearson & Dickerson Contractors v. Harrington, 60 Ariz. 354, 137 P.2d 381.

The opinion as explained is approved, and the motion for rehearing denied.

LA PRADE, J., concurs.

STANFORD, C. J., dissents.