STRUCKMEYER, C. J., BERNSTEIN, V. C. J., UDALL, J., and ROSS F. JONES, Superior Court Judge, concurring.

366 P.2d 80

**Wilhelmina ODEKIRK, as Guardian ad Litem for Cleland Odekirk, a Minor, Appellant,**

v.

**John D. AUSTIN, Appellee.**

**No. 7125.**

Supreme Court of Arizona.

En Banc.

Nov. 8, 1961.

Trew, Woodford & Dodd, Phoenix, for appellant.

Snell & Wilmer, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

The sole question presented by this appeal is whether the trial court erred in refusing to instruct the jury as to the doctrine of last clear chance.

In determining whether the plaintiff's-appellant's request for submission of

a last clear chance issue to the jury was properly refused we will consider the facts in the light most favorable to plaintiff-appellant together with the logical inferences which reasonably flow from such facts. Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946).

The facts are: about 5:15 P.M. on April 17, 1957, plaintiff Cleland P. Odekirk, an eighteen year old college student, disembarked from a friend's automobile at the northeast corner of Seventh Avenue and West McDowell Road in Phoenix. It was a clear, dry day. He proceeded west across the intersection on the north side of West McDowell Road and began running west on the sidewalk. The plaintiff did not remember having left the sidewalk.

A motorist, Mr. O'Brien, driving in the eastbound lane at the time of the collision, testified that he first observed the plaintiff running down the street in a westerly direction in the westbound lane. At this time the plaintiff was a foot and a half from the north curb of West McDowell Road running parallel to the curb. The plaintiff then moved another foot to the south into the street at which time Mr. O'Brien observed the defendant's automobile coming from behind the plaintiff at approximately fifteen or sixteen miles per hour. Mr. O'Brien did not see the actual collision because he had passed the point of impact, but estimated that it was between five to seven seconds from the time he first observed the plaintiff until the collision.

The defendant stated that he did not see the plaintiff until an instant before the impact and that he immediately put on his brakes but could not stop in time. The point of impact was a little over four feet south of the north curb.

The plaintiff brought this action alleging negligence on the part of the defendant. The defendant answered setting up the affirmative defense of contributory negligence. The case was tried before a jury who returned a verdict for the defendant. Thereafter judgment was entered, motion for new trial denied, and this appeal followed.

From the evidence adduced at the trial the jury might have believed the defendant did not see the plaintiff until an instant before the injury, but that he, in the exercise of reasonable care, should have seen the plaintiff as he proceeded from the sidewalk onto the street. Therefore the evidence would sustain a finding that the defendant was negligent in failing to keep a proper lookout. Pacific Greyhound Lines v. Uptain, 81 Ariz. 359, 306 P.2d 281 (1957).

There are few, if any, legal doctrines that are more difficult of logical application to varied and ever varying situations than that known as the doctrine of last clear chance, and there is accordingly a vast amount of case law dealing with the sub-

ject. Wide research has revealed that the experience of the state courts in applying the doctrine has presented similar problems. Beginning with broad statements, they have found that they are too broad and have modified them only to find that the rules laid down do not apply to the ever varying situations and must be explained and modified again. This process has not yet been completed.

■ The doctrine of last clear chance is applied for the purpose of determining the legal proximate cause of the injury. The reasoning behind the doctrine is that although the negligence of both plaintiff and defendant continues up to the time of the injury, plaintiff's negligence is remote while the defendant's conduct is the proximate cause of the accident. But "the biggest problem for both the trial and appellate courts necessarily arises in attempting to determine whether the negligent acts of both parties concur as proximate cause. If so, then clearly defendant cannot be guilty of having had the last clear opportunity to avoid the accident." Hirsh v. Manley, 81 Ariz. 94, 300 P.2d 588, 591 (1956).

We have heretofore stated that we will follow the principles set forth in the American Law Institute's Restatement of the Law except in cases where a different rule has been laid down by this Court. Irwin v. Murphey, 81 Ariz. 148, 302 P.2d 534 (1956); Rodriquez v. Terry, 79 Ariz. 348,

290 P.2d 248 (1955); Reed v. Real Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133 (1945); Waddell v. White, 56 Ariz. 420, 108 P.2d 565 (1940). Under Restatement of the Law, Torts, §§ 479, 480, there are two situations to which the doctrine of last clear chance is applicable.

First, where the defendant did not actually see the peril of the plaintiff, but by keeping a reasonable careful lookout should have seen the peril of the plaintiff and by the exercise of reasonable care have thereafter avoided the injury. In this situation the doctrine only applies when the plaintiff's negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself. Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958); Hirsh v. Manley, supra; Restatement of the Law, Torts, § 479.

It is significant to note that the situation of danger or position of danger referred to in the authorities dealing with the last clear chance doctrine, is reached only when a plaintiff, moving toward the path of an oncoming object has reached a position from which he cannot escape by the exercise of ordinary care.

"* * * Where the defendant does not actually know of the plaintiff's situation of peril, the doctrine can only properly be applied where the plaintiff has gotten into a position of inextrica-

ble peril. An illustration of this is where a person has caught his foot in a railroad switch, or is in some other similar predicament, so that he is thereafter unable to avert the injury. In such a situation, the plaintiff's negligence has come to rest. In such circumstances the defendant may be held responsible if he either knows, or in the exercise of reasonable care should know, of the plaintiff's helpless situation in time to avoid the injury and fails to do so.

"In regard to the application of this principle, the plaintiff here is faced with a dilemma: she was either in inextricable peril or she was not. If she was not in inextricable peril, then at any instant up to the time she got into such predicament, by the exercise of reasonable care, she could have observed the oncoming car and have avoided being hit. On the other hand, she could only have gotten into inextricable peril by getting into the path of. the defendant's car, and her peril could be considered inextricable only if the defendant was then too close to avoid striking her. Thus, by the very description of the situation, he did not have the 'last clear chance' to avoid the injury. As the phrase indicates, it must be a fair and clear opportunity and not a mere possibility that the collision could have been avoided." Fox v. Taylor, 10 Utah 2d 174, 350 P.2d 154, 156–157 (1960).

Certainly, in this case, plaintiff's negligence had not terminated and it would seem equally certain that it had not culminated in a situation of peril from which he could not extricate himself. The facts disclose that plaintiff, without looking, left the sidewalk and was running, with his back to oncoming traffic, up the right side of the street at about a foot and a half from the curb and then angled over a few more feet into the street before being struck by the defendant's automobile. If he had been vigilant it would have been his duty to have stepped off the street at any instant and to have avoided the injury. Plaintiff's negligence therefore never terminated nor culminated in a situation of peril from which he could not extricate himself by the exercise of ordinary care.

It is argued that one who is oblivious to his danger is, in effect, as unable to extricate himself as one who is physically unable to do so. In applying the doctrine of last clear chance we are not exclusively concerned with the negligence of the defendant in the action. We are primarily concerned with the party who seeks to have his own negligence excused by the application of the doctrine. The negligence of the man who is physically unable to extricate himself, after getting his foot stuck in the road, has terminated. But the man

walking or running on the wrong side of the road and not on the sidewalk in disobedience to the statute A.R.S. § 28–796 and oblivious to his danger in so proceeding is negligent, Coe v. Hough, 42 Ariz. 293, 25 P.2d 547 (1933), until and at the very moment of his injury. If we were to accept the theory urged it would mean that a plaintiff should be in a better position to have his negligence excused under the last clear chance rule if he took no care whatsoever for his own safety than if he kept careful watch for cars coming from behind. We cannot accept the theory that one who is oblivious to his danger is as unable to extricate oneself as one who is physically unable to do so.

Second, an oblivious or inattentive plaintiff not in a position of danger can only avail himself of the doctrine of last clear chance where the defendant *actually saw* the plaintiff or the peril of the plaintiff and should have appreciated the danger and thereafter fails to exercise reasonable care to avoid the injury. Restatement of the Law, Torts, § 480. Under this section of the Restatement dealing with an inattentive plaintiff we are only concerned with whether the defendant actually saw the plaintiff. If a defendant actually sees the plaintiff the doctrine applies although the plaintiff's negligence continues up to the instant of the injury and never terminates or cul-

minates in a position of peril. The application of the rule in a situation such as this needs no support outside of simple considerations of humanity. Any other view would condone wilful and wanton injury.

We conclude that the doctrine of last clear chance is applicable in this jurisdiction under the following circumstances: 1. (a) The plaintiff has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. 2. (a) The plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter had a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so.

In this case, the evidence is undisputed that the defendant did not actually see the inattentive plaintiff until an instant before the injury. Under this situation the de-

fendant did not then have an existing ability to avoid harming the plaintiff.

"If the defendant does not discover the plaintiff's situation, but merely might do so by proper vigilance, it is obvious that neither party can be said to have a 'last clear' chance. The plaintiff is still in a position to escape, and his lack of attention continues up to the point of the accident, without the interval of superior opportunity of the defendant which has been considered so important. The plaintiff may not demand of the defendant greater care for his own protection than he exercises himself. All courts except those of Missouri hold that there can be no recovery." Prosser, Torts, 2d Ed., p. 294.

Such being the case, the plaintiff's negligence was proximate as it was continuous and contributory with that of the defendant and thus the ordinary rules of negligence and contributory negligence were applicable, rather than the exceptional doctrine of last clear chance.

In so far as Layne v. Hartung, 87 Ariz. 88, 348 P.2d 291 (1960), is inconsistent with the views expressed herein, it is expressly overruled.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.