380 P.2d 152

Martha SHEEHY, Appellant,

v.

Berle Branton MURPHY and Michael Murphy, Appellees.

No. 6820.

Supreme Court of Arizona,

En Banc.

April 4, 1963.

Stockton & Aldrich, Robert Ong Hing, Phoenix, Robert F. Byrnes, Scottsdale, and Joseph P. Lewis, Phoenix, for appellant.

O'Connor, Anderson & Westover, Phoenix, for appellees.

JENNINGS, Justice.

Martha Sheehy (plaintiff) sued for injuries sustained when struck by an auto-

mobile driven by Michael Murphy (defendant). A verdict was returned for the defendant. The plaintiff's motion for new trial was denied and she appeals.

The accident occurred at about 9:40 p. m. December 22, 1955 on north Central Avenue in Phoenix. About two hundred feet north of Indianola the plaintiff started walking east across Central Avenue. There was no pedestrian crosswalk at this point. The street was well-lighted and made up of four lanes of traffic—two southbound and two northbound.

When plaintiff had crossed to the center of the street, which was designated by double white lines, southbound traffic had slackened. However, the northbound traffic remained heavy. Defendant Murphy was driving north in the heavy traffic at a speed of thirty miles per hour and about thirty to forty feet behind the car ahead of him. The posted speed limit was thirty-five miles per hour.

The defendant first saw the plaintiff when she appeared by the left rear fender of the car in front of him. The defendant, who was the only witness able to testify to the actual collision, stated that the plaintiff stepped or jumped in front of him and that he instinctively swerved his car to the left across the double white lines in order to avoid striking her. The point of contact between the plaintiff and defendant's automobile was near the right front headlight.

There were no skid marks and defendant testified that he did not have time to sound the horn or apply the brakes.

The plaintiff urges numerous assignments of error concerning the instructions given and refused by the trial court. Assignments 3, 4, 5, 6, 7 and 8 involve instructions which the plaintiff contends did not define adequately the standard of care required of the defendant. We cannot agree. We find that the court correctly set forth the defendant's duty in all material respects.

Generally speaking, a motorist must exercise reasonable care toward pedestrians. But where a pedestrian is standing in a place of comparative safety and apparently sees an approaching automobile, the driver has the right to assume that the pedestrian will remain in that place of safety and will not suddenly step into the path of his automobile. Trainor's Adm'r. v. Keller, 257 Ky. 840, 79 S.W.2d 232 (1935); Bechtel v. Oriol, 52 So.2d 589 (La.App.1951); Annot. 113 A.L.R. 528 (1938). Further, when a person, who without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the presence or appearance of imminent danger to himself or to others, he is neither expected nor required to use the same judgment and prudence that is required of him in calmer and more deliberate moments. His duty is to exercise only

that care which an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by an ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after-events it should appear that a different course would have been better and safer. Christensen v. Bergmann, 148 Cal.App.2d 176, 306 P.2d 561 (1957); Annot. 80 A.L.R.2d 5 (1961). See Henderson v. Breesman, 77 Ariz. 256, 269 P.2d 1059 (1954); Western Truck Lines, Ltd. v. Berry, 52 Ariz. 38, 78 P.2d 997 (1938).

[5] Considering the facts most strongly in favor of the plaintiff, the most that can be said in support of her theory of defendant's negligence is that it was nighttime and the traffic was heavy. On the other hand, the defendant was a healthy young man with normal or better reaction time. The automobile he was driving was new and the equipment thereon in good condition. The street was well-lighted, level, wide and the surface was dry. The plaintiff was the only pedestrian in the vicinity and there was no crosswalk at the point at which she entered the roadway. The defendant was traveling at thirty miles per hour in a thirty-five mile per hour zone. Traffic was flowing steadily and defendant followed the car ahead of him by approximately two car-lengths. In view of these circumstances the record does not disclose any negligence on the part of the defendant up to the time he first saw the plaintiff.

At this point the evidence clearly shows that the plaintiff was looking in the direction of the defendant; that she appeared to be aware of his approach; and that she had yielded to the vehicles preceding him. It is equally clear that a pedestrian who is standing on the untraveled center of a street, which is indicated by double white lines, is in a relatively safer position than if he were standing in the traveled portion of the roadway immediately in the path of oncoming vehicles. In the light of these facts the defendant was under no duty to anticipate that the plaintiff would step into his path as she did.

Since the defendant was proceeding reasonably and prudently and was under no duty to anticipate the plaintiff's action, he was faced with a sudden emergency which was not due in any way to his own fault. When the plaintiff did step out in front of him thirty or forty feet away the defendant had a choice of several courses of action. He could have sounded his horn, or swerved sharply to the left or to the right, or relied upon his brakes alone, or done a combination of these things to avoid the collision or lessen the probability of striking the plaintiff. But the defendant

was not required to elect horn blowing or any other particular course of action. Christensen v. Bergmann, supra; Bergstrom v. Ove, 39 Wash.2d 78, 234 P.2d 548 (1951). Ordinarily, whether he was negligent in not selecting the best or safest of these courses in the face of the emergency would be for the jury to decide. However, in the instant case the facts show clearly that the defendant was not negligent in pursuing the course of action he selected. The evidence showed that normal reaction time—the time in which a person perceives an emergency situation and initiates a response thereto—is about three-quarters of a second; that the reaction time for braking and the reaction time for swerving an automobile are basically the same; and that an automobile proceeding at thirty miles per hour travels thirty-three feet in three-quarters of a second. Therefore, the thirty to forty foot gap between the plaintiff and defendant would have been virtually closed in that fraction of a second required by the defendant to react, regardless of the manner in which he reacted. The record shows, therefore, that the defendant acted prudently and without negligence in all phases of the operation of his vehicle.

Plaintiff's assignments of error 1 and 2 concern the court's refusal to instruct on the last clear chance doctrine. Last clear chance is applied for the purpose of determining whether the negligence of the plaintiff or the negligence of the defendant is the proximate cause of the accident. Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961). It is fundamental that where there is no actionable negligence for which the defendant is responsible, the doctrine has no application. Manning v. Manchester St. Ry., 80 N.H. 404, 118 A. 386 (1922); Smallwood v. Parr, 174 S.W.2d 610, 618 (Tex.Civ.App.1943) (concurring opinion); Annot. 92 A.L.R. 47 at 55 (1934). See Southern Pac. Co. v. Cavallo, 84 Ariz. 24, 323 P.2d 1 (1958). Because the defendant was guilty of no negligence the plaintiff's instructions concerning last clear chance were properly refused.

For the foregoing reasons the judgment and the order denying new trial are affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.