493 P.2d 1218

**Carrie L. BRUNNER, Administratrix of the Estate of Boza Brunner, deceased, Appellant,**

v.

**Stewart Leigh YOUNG and Sandra Young, his wife, and Marvin Young, dba Young Sales Company, Appellees.**

**No. I CA–CIV 1234.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 24, 1972.

Rehearing Denied March 17, 1972.

Review Denied May 9, 1972.

John J. Relihan, Jr., of the Maricopa County Legal Aid Society, Tempe, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellees.

HAIRE, Presiding Judge.

The sole issue presented on this appeal is whether the trial court erred in refusing to instruct the jury as to the doctrine of last clear chance.

The pertinent facts, stated in the light most favorable to the plaintiff-appellant, Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961), are as follows: On November 16, 1969, plaintiff's decedent, Boza Brunner, was struck and killed by an automobile driven by defendant, Stewart Leigh Young. Mr. Young, the sole surviving witness to the collision, testified that just prior to the accident he was proceeding north on 40th Street just past the Maricopa Freeway overpass, in Phoenix, at a speed of 35 miles per hour. He stated that he first observed Mr. Brunner when he was 350 feet south of the point of impact. At that time Mr. Brunner was standing 2½ feet to the right of the traveled portion of 40th Street. His lower body was facing toward 40th Street, while his head was turned north, away from the approaching Young vehicle. Aft-

er noticing Mr. Brunner, Young testified that he took his eyes off the decedent and focused his attention on a truck that was preparing to enter 40th Street from a side road which intersected 40th Street from the west. The approaching vehicle caused Young to remove his foot from the accelerator, decreasing his speed to 30 miles per hour. He did not again observe Mr. Brunner until he was 10 feet from the point of impact. At this time Mr. Brunner turned and began walking across 40th Street, into the path of the oncoming Young vehicle. Mr. Young neither applied his brakes nor sounded his horn prior to the collision. He did, however, turn sharply to the left in an unsuccessful effort to avoid colliding with the decedent.

The Arizona Supreme Court has held that the doctrine of last clear chance is applicable under the following circumstances:

"1. (a) The plaintiff has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. 2. (a) The plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter had a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so." Odekirk v. Austin, 90 Ariz. 97, 102, 366 P.2d 80, 83 (1961).

Both parties agree that the facts here involved fall within the circumstances concerning an "inattentive plaintiff", designated as situation number 2 in the above quote. The disagreement between the parties is as to whether the facts in the instant case satisfy the third requirement of the test: that after seeing the plaintiff, the defendant had a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care.

Appellant admits that if Mr. Young had not noticed the decedent until he was 10 feet from the point of impact the defendant would not have had an existing ability to avoid striking the decedent and the doctrine would not be applicable. Odekirk v. Austin, *supra*; Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208, rev'd on other grounds, 91 Ariz. 371, 372 P.2d 708 (1962). It is appellant's position, however, that the time in which Mr. Young had to respond to Mr. Brunner's position of peril must be measured from the moment Mr. Young first observed this inattentive pedestrian at a distance of 350 feet. An automobile traveling at a speed of 30 miles per hour travels 350 feet in approximately 8 seconds, which appellant contends was more than sufficient time for the defendant, in the exercise of reasonable care, to avoid injuring Mr. Brunner.

While the foregoing thesis has some plausibility it contains an inherent defect. In order for the doctrine of last clear chance to be applicable it is necessary that the defendant recognize the inattentive person to be in a position of impending peril. This is recognized in the Restatement:

"b. *When defendant can assume plaintiff will avoid danger.* It is not enough that the defendant sees the plaintiff in a position which would be dangerous were the plaintiff not aware of what is going on. It is also necessary that the defendant realized or should realize that the plaintiff is inattentive and, therefore, is in peril. The defendant is entitled to assume that the plaintiff is paying *or will pay reasonable attention* to his surroundings; until he has reason to suspect the contrary, he has no reason to believe that the plaintiff is in any danger. Therefore, the defendant is liable only if he realizes or should realize that the plaintiff is inattentive and

consequently in peril." (First emphasis in original; second added). Restatement (Second) of Torts § 480, Comment *b* (in part) (1965).

We believe that when a motorist observes an adult pedestrian standing beside the road, in a position of safety, he may reasonably assume that the pedestrian will not suddenly step into the path of his vehicle. The fact that Mr. Young observed that Mr. Brunner was *not looking* toward his approaching vehicle did not signify that the decedent was oblivious to the peril involved in crossing a busy street without looking in both directions. Under the facts of this case *the trial court was correct in refusing* to instruct the jury on the doctrine of last clear·.chance.

· ·The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.