503 P.2d 965

Samuel PEREZ and Celia B. Perez, husband and wife, Appellants,

v.

Steven FRENDA, Appellee.

No. 2 CA–CIV 1237.

Court of Appeals of Arizona, Division 2.

Dec. 13, 1972.

Rehearing Denied Jan. 5, 1973.

Review Denied Jan. 30, 1973.

---

**490**

Octavio M. Marquez, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, by James L. Richmond, Tucson, for appellee.

HOWARD, Judge.

The sole question presented by this appeal is whether the trial court erred in refusing to instruct the jury as to the doctrine of last clear chance.

Pursuant to Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80 (1961), we state the facts in the light most favorable to plaintiffs-appellants. They are as follows. On the afternoon of December 14, 1969, plaintiff, Samuel Perez, drove with a friend into Sabino Canyon, a recreational area northeast of Tucson, Arizona. While in the canyon area, his car caught fire inside the carburetor. After extinguishing the fire, he proceeded to drive out of the canyon. He drove around a sharp curve facing a southwesterly direction and proceeded up a hill. Halfway between the curve on the road and the crest of the hill his car started losing power. Perez testified that the linkage in the carburetor had burned and he could not press the accelerator. He therefore backed his car to the side of the road, lifted the hood of the car, stuck his head inside the hood with his body on the driver's side and proceeded to adjust the carburetor. He had been working under the hood a few minutes when defendant's car rounded the curve 75 to 100 yards in back of plaintiffs' car, proceeded up the hill and hit plaintiffs' car.

At trial both defendant and plaintiff, Samuel Perez, testified that the curve in the road was approximately 75 yards from the side of the collision; that the road was wide enough only for two cars; that the day was warm and clear; and the sun was right over the crest of the hill, thus hitting westbound drivers directly in the eyes.

Defendant stated that as he rounded the curve the sun hit him directly in his eyes and he could not see the plaintiff or his car. This was uncontroverted.

The only significant factual issue was whether the plaintiffs' car was completely off the roadway or partly on the roadway. Judging from the verdict, the jury believed that the plaintiff was contributorily negligent.

Plaintiff contends on appeal that the facts here involved fall within the circumstances concerning a "helpless plaintiff", as set forth in the Restatement (Second) of Torts § 479. We do not agree.

The Arizona Supreme Court has held that the doctrine of last clear chance is applicable to the helpless plaintiff (a) when he has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. Odekirk v. Austin, supra.

In order for a plaintiff to avail himself of this doctrine, his negligence must have *terminated* in a situation from which he could not exercise reasonable care to extricate himself. Odekirk v. Austin, supra; Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958); Restatement (Second) of Torts § 479, comment on Clause (a).

In *Odekirk* the plaintiff pedestrian left the sidewalk without looking and ran along the right side of the street with his back to oncoming traffic prior to being struck by

the defendants' automobile. In that case, as in the one at bench, the court concluded that the plaintiff's negligence had not terminated nor culminated in a situation of peril from which he could not extricate himself by the exercise of ordinary care because "[i]f he had been vigilant it would have been his duty to have stepped off the street at any instant and to have avoided the injury." *See also,* Arbenz v. Bebout, 444 P.2d 317 (Wyo.1968).

■ We find no merit in appellants' argument that the trial court erred in failing to give their instruction on last clear chance since the facts do not show that Samuel Perez was a "helpless plaintiff."

Affirmed.

HATHAWAY, J., and BEN C. BIRDSALL, Judge of Superior Court, concur.

NOTE:

Judge HERBERT K. KRUCKER having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.