533 P.2d 540

Jay SCHNEIDER, a minor by his next best friend, Edgar Schneider, Appellant,

v.

Patricia MACARI and Jess Macari, her husband, Appellees.

No. 11694.

Supreme Court of Arizona, In Division.

April 3, 1975.

**484**

Meadow, Cheche, Nastro & Thrasher by Kenneth A. Winsberg, Phoenix, for appellant.

Lewis & Roca by John P. Frank, John A. Miller, T. Michael Daggett and Mary M. Schroeder, Phoenix, for appellees.

CAMERON, Chief Justice.

This is an appeal from a judgment in favor of defendant-appellee, Mrs. Patricia Macari, and from an order denying plaintiff-appellant Jay Schneider's motion for new trial.

We consider only one question on appeal and that is: Was it error for the trial judge to refuse to instruct the jury on the doctrine of last clear chance?

■ We must view the evidence in the strongest possible light to support the plaintiff-appellant's position, Evans v. Dineen, 105 Ariz. 44, 459 P.2d 304 (1969); Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939); Towers v. Johnson, 11 Ariz.App. 455, 465 P.2d 592 (1970). We agree with the facts stated in the appellant's brief as follows: "On October 5, 1971, the appellee, Patricia Macari was driving a 1965 Plymouth Fury on Marshall Street in Phoenix, Arizona. At the corner of 30th Avenue and Marshall she turned onto 30th Avenue and proceeded at 5 and 10 miles per hour. Between Marshall and the next street parallel to Marshall which the appellee was traveling towards was an alley which intersected 30th Avenue. There was a fence which extended all the way to the street line at 30th Avenue in this alley and partially obstructed the view into the alley from the street. Midway between Marshall and the alley, the appellee was traveling at approximately 5 to 10 miles per hour. She saw the tops of the two boys' heads over the fence in the alley running towards the street upon which she was traveling. One of these boys was the appellant Jay Schneider. Although the appellee, Mrs. Macari, saw the boys running towards the street, she thought the boys would slow down.

"The boys were unable to see the car being driven by the appellee by virtue of the presence of the fence. The appellee was watching to see what the boys were going to do. She did not stop because the boys looked like they were slowing down and going to stop. She could not, however, tell exactly what the boys were going to do.

"The weather was clear at the time and the road conditions were good.

"The boys did not stop but continued running into 30th Avenue at which point there was an impact first with the other boy and secondly with the appellant. After the car hit the first boy, the appellee applied the car's brakes and then the appellant was struck. The car was moving at 5 miles per hour approximately at the point of first impact. The automobile was moving at the point of impact with the appellant. The distance between the appellant and the car and the point where the appel-

lant came to rest after the impact was no more than ten feet."

Trial was held before a jury. The plaintiff requested a last clear chance instruction which was denied. The jury found for the defendant and plaintiff appealed alleging as error the failure of the trial court to give an instruction on last clear chance.

The doctrine of "last clear chance" is designed to determine proximate cause of an accident in a case wherein the defendant has alleged that the plaintiff is guilty of contributory negligence. Sheehy v. Murphy, 93 Ariz. 297, 380 P.2d 152 (1963); Alires v. Southern Pacific Co., 93 Ariz. 97, 378 P.2d 913 (1963); Wilson v. Sereno, 11 Ariz.App. 35, 461 P.2d 514 (1970). We have stated:

"We conclude that the doctrine of last clear chance is applicable in this jurisdictin under the following circumstances: 1. (a) The plaintiff has negligently subjected himself to a danger and such negligence has terminated or culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself; (b) the defendant saw or ought to have seen the peril of the plaintiff, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so. 2. (a) The plaintiff has negligently subjected himself to a danger which he could have avoided by the exercise of reasonable vigilance; (b) the defendant actually saw or knew of the plaintiff's situation and realized or ought to have realized that the plaintiff was inattentive, and (c) the defendant thereafter has a last clear chance to avoid injuring the plaintiff by the exercise of reasonable care and fails to do so." Odekirk v. Austin, 90 Ariz. 97, 102, 366 P.2d 80, 83 (1961).

In the instant case we agree with plaintiff that the plaintiff has negligently subjected himself to a danger. We are not persuaded, however, that the defendant either knew or should have known of the peril of the plaintiff or that the plaintiff would be inattentive to the extent that he would run into defendant's automobile.

We can take judicial notice of the fact that a child under age 12 does not display as high a standard of care for his personal safety as would an adult in a comparable situation. It does not follow, however, that the driver should reasonably anticipate that the child will run into the roadway and defendant's automobile. As Mrs. Macari testified:

"* * * 'I maintained my slow speed of about 5 miles per hour and watched to see what the boys were going to do'?

"A That's right.

"Q Is that an accurate statement of what you did?

"A Yes, sir, because as I was going down the street, that's all I could see was just some little heads bobbing in the alley.

I did not come to a stop when I seen them because they did look like they were going to slow down and stop.

I couldn't tell exactly what the children were going to do. I was observing them.

"Q So you kept moving? * * *

"A That's right, sir. I did."

We do not find that the second part of the last clear chance doctrine is satisfied by the facts in this case. Neither are we able to find the third and last element necessary to warrant last clear chance instructions present in this case. It is an essential element of the last clear chance doctrine that there must be a clear opportunity to avoid an accident. Aegerter v. Duncan, 7 Ariz.App. 239, 437 P.2d 991 (1968). There is no factual showing that Mrs. Macari indeed had any opportunity to avoid the accident. The evidence indicates that Mrs. Macari acted in a reasonable manner under the circumstances. She maintained a reduced speed of between 5 to 10 miles per hour and maintained a

lookout for the running children. The second the driver felt the Culliver child run against the side of her car, Mrs. Macari applied her brakes and came to a stop. In that same moment Jay Schneider ran from the alley into her front fender. There was no opportunity to avoid collision with Jay Schneider by the exercise of reasonable care.

Under the facts in this case there was no need to instruct the jury in this legal doctrine. See also Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946), rehearing denied 64 Ariz. 260, 169 P.2d 84 (1946).

Judgment affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.