539 P.2d 939

George W. MINYARD and Jane Doe Minyard, husband and wife, and Green Thumb Fertilizer & Spreading Co., Inc., an Arizona Corporation, Appellants,

v.

Joella HILDEBRAND, surviving spouse of George Hewitt Hildebrand, Deceased, Appellee.

No. 1 CA–CIV 2504.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 16, 1975.

Rehearing Denied Oct. 22, 1975.

**466**

Jennings, Strouss & Salmon by John S. Hobbs, Phoenix, for appellant Green Thumb Fertilizer & Spreading Co., Inc.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C., by Robert G. Beshears, Phoenix, for appellants Minyard.

Renaud, Cook, Miller & Cordova, P.A. by Richmond K. Turner, James M. Videan, Phoenix, for appellee.

OPINION

FROEB, Judge.

This is a wrongful death action on appeal for the second time after two trials, both resulting in verdicts for the defendants. The prior appeal is reported as *Hildebrand v. Minyard*, 16 Ariz.App. 583, 494 P.2d 1328 (1972). The defendants appeal from the order of the trial court granting plaintiff a new trial.

George Hildebrand, heavy equipment mechanic, was employed by Western Machinery Company. On January 8, 1968, he went to Herseth Meat Packing Company in Phoenix to repair the steering mechanism on a Michigan front-end loader owned by Herseth. While positioned behind the left front wheel working on the defective part, a tractor truck drawing two trailers, driven by George Minyard, struck the loading bucket at the front of the loader causing it to roll backwards upon Hildebrand inflicting fatal injuries. Minyard was at the time acting in the course and scope of his employment with Green Thumb Fertilizer & Spreading Co., Inc., an Arizona corporation.

Hildebrand arrived at the Herseth yard at approximately 3:30 P.M. and parked his pickup truck. He then drove the loader to a position adjacent to the Herseth maintenance garage and parked it in such a way that it was in the path of vehicles using the driving area within the yard. Shortly thereafter, Hildebrand had a conversation with Gordon Klein, maintenance foreman for Herseth, in which Klein told Hildebrand that he should move the loader to another spot because it was parked in the roadway. Nevertheless, Hildebrand declined to move it saying that he was only going to be a little while, that there was room for trucks to get by the loader and that his pickup truck and tools were close to where the loader was parked. There was also testimony that tread marks left by other vehicles using the area did not run underneath any part of the loader but that they skirted around it.

The evidence, taken in the light most favorable to appellee, indicates Hildebrand was in a kneeling position behind the left front wheel of the loader as he worked on the mechanism. An employee of Herseth, James Kimball, was positioned in front of the left front wheel assisting Hildebrand. The accident occurred when Minyard drove around a corner and the right front bumper of his truck struck the right side of the loader scoop. Minyard testified he was proceeding slowly, that he was driving into the late afternoon sun and that he did not see the loader or Hildebrand.

■ The evidence, of which the foregoing is a short summary, supported instructions to the jury concerning both the claimed negligence of Minyard as well as the claimed contributory negligence of Hildebrand. As to this, the parties are not in dispute. To avoid the consequences of a finding that Hildebrand was contributorily negligent, the plaintiff offered instructions which were refused, on a theory that Minyard had the last clear chance to avoid the harm which resulted. The jury returned a verdict for the defendants and thereafter plaintiff moved for a new trial. The trial court granted the motion on the ground that it had erred in refusing an instruction on the theory of "last clear chance." Thus, the single issue in this case is whether the facts will support the giving of the instruction. We hold they do not.

■ The doctrine of last clear chance is recognized in Arizona for the purpose of determining whether the negligence of plaintiff or the negligence of defendant was the proximate cause of an accident. *Schneider v. Macari*, 111 Ariz. 483, 533 P. 2d 540 (1975); *Sheehy v. Murphy*, 93 Ariz. 297, 380 P.2d 152 (1963). If applicable, the doctrine will allow recovery by the plaintiff where it would otherwise be barred by his contributory negligence.

■ The theory of last clear chance is available to both an "inattentive" plaintiff as well as a "helpless" plaintiff. The Restatement (Second) of Torts outlines the circumstances under which each may invoke the doctrine. Section 480 deals with the "inattentive" plaintiff and reads:

"A plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence in time to avoid the harm to him, can recover if, but only if, the defendant

(a) knows of the plaintiff's situation, and

(b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm."

For this rule to apply it must be shown that the defendant actually knew of plaintiff's predicament. The uncontradicted testimony in this case is that at no time prior to the impact did defendant know of the presence of plaintiff or the Michigan loader. The theory of the "inattentive" plaintiff therefore does not apply and the court properly refused an instruction on this theory.

■ Section 479 of the Restatement (Second) of Torts deals with the so-called "helpless" plaintiff and reads as follows:

"A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

(a) the plaintiff is unable to avoid it by exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

(ii) would discover the situation and thus have reason to realize the peril, if

he were to exercise the vigilance which it is then his duty to the plaintiff to exercise."

Under this rule, defendant need not have actually known of plaintiff's predicament in order for plaintiff to rely upon it. It is, sufficient if it is shown defendant would have discovered the situation through the exercise of reasonable vigilance under the circumstances. Having demonstrated this, however, plaintiff must then prove that he was in a position from which he could not extricate himself through the exercise of reasonable vigilance and care. He must show that he was helpless. *Odekirk v. Austin*, 90 Ariz. 97, 366 P.2d 80 (1961). See also *Perez v. Frenda*, 18 Ariz.App. 489, 503 P.2d 965 (1972). Cf. *Fox v. Taylor*, 10 Utah 2d 174, 350 P.2d 154 (1960); *Edwards v. Donaldson*, 103 So.2d 256 (Fla.App.1958); *Letcher v. Derricott*, 191 Kan. 596, 383 P.2d 533 (1963).

■ We turn, then, to the evidence in the case, viewing the facts and reasonable inferences to be drawn from them in the light most favorable to plaintiff's theory. To apply it, we must assume that Hildebrand was initially negligent in undertaking to repair the Michigan loader at the location where the accident subsequently occurred. At the time of the impact he was behind the left front wheel facing the front of the vehicle, kneeling down and connecting a hydraulic hose to the power steering ram on the left underside of the vehicle. His view in the direction from which the defendant's truck was soon to come was obstructed by parts of the Michigan loader on which he was working. While he never saw defendant's truck, he had previously been warned by Mr. Klein, maintenance foreman of Herseth Meat Packing Co., that he should move the loader because it was parked in the roadway. We conclude that, under these circumstances, Hildebrand's original negligence can be said to have continued until the moment of the accident. Thus, he was never in a position from which he was unable to extricate himself. At all times prior to the accident, he could have terminated his original negligence and stepped away from the vehicle he was repairing. His lack of precaution at the outset continued unbroken to the moment of the impact. There is nothing in the record to indicate that he was caught or physically restrained from moving himself to a position of safety. His situation is not unlike the plaintiff in *Odekirk v. Austin*, supra:

"Certainly, in this case, plaintiff's negligence had not terminated and it would seem equally certain that it had not culminated in a situation of peril from which he could not extricate himself. The facts disclose that plaintiff, without looking, left the sidewalk and was running, with his back to oncoming traffic, up the right side of the street at about a foot and a half from the curb and then angled over a few more feet into the street before being struck by the defendant's automobile. If he had been vigilant it would have been his duty to have stepped off the street at any instant and to have avoided the injury. Plaintiff's negligence therefore never terminated nor culminated in a situation of peril from which he could not extricate himself by the exercise of ordinary care." 90 Ariz. 97, 101, 366 P.2d 80, 82.

For these reasons, we hold that the court erred in granting plaintiff's motion for new trial.

■ Appellee raises an issue in the answering brief that the court erred in failing to instruct the jury on a theory of gross and wanton negligence on the part of the defendant. While it appears to us, under the facts, that such an instruction would not have been appropriate, it is not raised by way of cross appeal and we therefore do not consider it.

The order granting new trial is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

OGG, P. J., and DONOFRIO, J., concur.