602 P.2d 819

Iris McCURDY, surviving spouse of Ernest E. McCurdy, deceased, and Iris McCurdy, as personal representative of Ernest McCurdy, Jr., Leland McCurdy, Erich McCurdy, and Eron McCurdy, Plaintiff-Appellant,

v.

Andrew W. STAGE and Bertha Stage, husband and wife, Defendants-Appellees.

No. 2 CA–CIV 3206.

Court of Appeals of Arizona, Division 2.

Aug. 15, 1979.

Rehearing Denied Oct. 24, 1979.

Review Denied Nov. 14, 1979.

Haralson, Kinerk & Morey, P. C. by Carter Morey, Tucson, for plaintiff-appellant.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendants-appellees.

OPINION

HATHAWAY, Judge.

This is an appeal from a judgment for appellees, defendants below, (hereinafter driver) in a wrongful death action. The sole issue on appeal is whether the trial court properly refused to give appellant's requested instruction on last clear chance. We affirm.

The evidence, viewed to support appellant's request, *Schneider v. Macari,* 111 Ariz. 483, 533 P.2d 540 (1975), is that at approximately 10:45 p. m., driver was traveling north in the outside lane of Alvernon Way, a four-lane street. At the intersection of Alvernon Way and 29th Street, a witness, who was driving in the inside lane some two to four car lengths behind driver, saw the victim begin to walk across Alvernon Way about a block and a half north of 29th Street. While the victim walked at a normal pace across the southbound lanes, driver and witness proceeded north at a legal rate of speed. The victim looked to the south as he crossed the double lines dividing southbound and northbound lanes, but did not pause or change his pace. He failed to look again until he stepped into the outside lane. At this time, driver's car was approximately two car lengths away. The victim began to run, but the far right portion of the front of driver's vehicle hit him when he was within a few feet of the curb.

Driver testified that he did not see the victim until he entered the outside lane. An accident reconstruction expert testified that under existing lighting conditions, driver should have seen the victim at least 100 feet before the point of impact, and that if driver had reacted at that time, he

could have stopped his car within a "couple of feet" of the point of impact. Evidence was admitted indicating that at the time of the accident, the victim was intoxicated.

Arizona has adopted the rules of last clear chance as defined in the Restatement of Torts. *Odekirk v. Austin,* 90 Ariz. 97, 366 P.2d 80 (1961) (applying Restatement (1st) of Torts, Secs. 479–480); *Minyard v. Hildebrand,* 24 Ariz.App. 465, 539 P.2d 939 (1975) (applying Restatement (2nd) of Torts); *Perez v. Frenda,* 18 Ariz.App. 489, 503 P.2d 965 (1973) (applying Restatement (2nd) of Torts). Because Sec. 480 applies only to a defendant who actually knew of the plaintiff's situation, Restatement (2nd) of Torts, Sec. 480(a), appellant concedes that Sec. 480 is inapplicable here. Section 479, however, must be interpreted with reference to Sec. 480, so Sec. 480 is relevant to determining the scope of Sec. 479.

Restatement (2nd) of Torts, Sec. 479 provides:

"A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, *immediately preceding the harm,*

(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his *then existing opportunity* to avoid the harm, when he
(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or
(ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise." (Emphasis added)

Appellant contends that Sec. 479 applies to this case because the driver should have seen the victim in time to stop and immediately prior to the accident the victim was helpless. This argument improperly refers to two distinct points in time. First, it refers to when the driver had an opportunity to avoid the accident had he discovered the victim when he should have discovered him (100 feet or more before impact). At this time, the victim could have avoided the accident by exercising due vigilance and care. The victim's negligence had not "terminated." *Odekirk v. Austin,* supra; *Minyard v. Hildebrand,* supra; *Perez v. Frenda,* supra. Second, it refers to when the victim became helpless (i. e., when he stepped into the outside lane). At this time, driver did not have a then existing opportunity to avoid the accident.

■ We believe that Sec. 479 applies only if at one point in time, i. e., immediately prior to the accident, the plaintiff was helpless and the defendant should have discovered that helplessness in time to avoid it by exercising due care. The phrase, "immediately preceding the harm," qualifies both Sec. 479(a) and Sec. 479(b). Section 479(b) applies only to a "*then existing* opportunity to avoid the harm" (emphasis added), i. e., an opportunity existing immediately preceding the harm. Sec. 479(b)(ii), which limits the defendant's duty to occasions where he should know of the plaintiff's situation and have reason to realize his peril, must also refer to the time immediately before the accident when the plaintiff is helpless.

If our interpretation were otherwise, a plaintiff who could avoid the harm by exercising due vigilance and care, i. e., an inattentive plaintiff, could recover under Sec. 479 if the defendant should have discovered the plaintiff's situation. Yet Sec. 480 expressly restricts recovery under these circumstances to cases where the defendant actually discovers the plaintiff and realizes or should realize the plaintiff's inattentiveness in time to use his then existing opportunity to avoid the harm. Restatement (2nd) of Torts, Sec. 480(a)–(c).

The sister state authority on which appellant relies is consistent with this analysis. *Letcher v. Derricott,* 191 Kan. 596, 383 P.2d 533 (1963), and *Sanchez v. Gomez,* 57 N.M. 383, 259 P.2d 346 (1953), held that the evidence in each case presented a jury question as to whether at the time the plaintiff was helpless, the defendant should have discov-

ered that helplessness in time to avoid the accident. The evidence in this case does not raise a similar jury question. *Wegley v. Funk*, 201 Kan. 719, 443 P.2d 323 (1968), held that the requested last clear chance instruction was properly denied where the plaintiff was not helpless and defendant had no then existing opportunity to avoid the accident.

 Because appellant failed to show that immediately prior to the accident the victim was helpless and driver should have discovered that helplessness in time to avoid it by exercising due care, the trial court properly refused to give appellant's requested last clear chance instruction.

Affirmed.

HOWARD, J., and JOHN A. McGUIRE, Judge Retired, concur.

NOTE: Chief Judge Richmond, having requested that he be relieved from consideration of this matter, Judge John A. McGuire was called to sit in his stead and participate in the determination of this decision.