608 P.2d 325

**Floyd Sanders KENISON and Norlene Kenison, and Field Enterprises Educational Corporation, Plaintiffs/Counterdefendants/Appellants,**

v.

**Robert A. SCHAEFFER and Juanita Patricia Schaeffer, and Pima County of Arizona, Defendants/Counterclaimants/Appellees.**

No. 2 CA–CIV 3377.

Court of Appeals of Arizona,
Division 2.

Jan. 28, 1980.

Rehearing Denied March 4, 1980.

Review Denied March 25, 1980.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for plaintiffs/counterdefendants/appellants.

Bolding & Zavala by Ed Bolding, Tucson, for defendants/counterclaimants/appellees—Schaeffer.

Law Offices, Everett, Bury & Moeller, P. C. by David C. Bury, Tucson, for defendant/counterclaimant/appellee—Pima County of Arizona.

OPINION

RICHMOND, Judge.

The sole issue on this appeal is whether the court erred in refusing to give the appellants' requested instruction on last clear chance in a case arising out of the collision of two moving automobiles at an intersection. We affirm.

The accident occurred at Ajo Way and Mission Road. The evidence is viewed to support appellants' request. *Schneider v. Macari*, 111 Ariz. 483, 533 P.2d 540 (1975). Appellant Floyd Kenison approached the intersection on Ajo at about 40 miles per hour. The light was green. Appellee Robert Schaeffer, a deputy sheriff, proceeded into the intersection from Mission against the red light after turning on his siren and lights. Kenison testified that he heard "a blip of a siren" but did not see the deputy's car until immediately before impact. The deputy testified that he thought all traffic had stopped. He did not see Kenison's vehicle until the accident occurred.

An accident reconstruction expert testified that the last time Kenison could have

avoided the accident was 1.9 seconds before impact, and the deputy could still have avoided the accident three-quarters of a second later.

Appellants contend that these facts come within the scope of the Restatement 2d of Torts, § 479, which provides:

A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

(ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.

This section applies only if, immediately prior to the accident, Kenison was helpless and the deputy should have discovered his peril in time to avoid it by exercising due care. *McCurdy v. Stage*, 124 Ariz. 151, 602 P.2d 819 (App.1979). Kenison was not helpless until 1.9 seconds before the accident. Although the deputy had the last chance to avoid the accident at that point, he had only three-quarters of a second to react before the accident became inevitable. The last clear chance doctrine implies sufficient time to think, appreciate and act, *Catalano v. Lewis*, 90 N.M. 215, 561 P.2d 488 (1977), and should not be applied to fast-happening accidents. *Aegerter v. Duncan*, 7 Ariz.App. 239, 437 P.2d 991 (1968). With only three-quarters of a second in which to act after Kenison became helpless, the deputy did not have a "clear" opportunity to avoid the accident. *See Aegerter*, supra; *also Laidlaw v. Barker*, 78 Idaho 67, 297 P.2d 287 (1956), *overruled on other grounds, Crane v. Banner*, 93 Idaho 69, 455 P.2d 313 (1969) (no

last clear chance existed where the victim's peril became apparent only six-tenths to seven-tenths of a second before the accident).

Affirmed.

HOWARD, J., concurs.

MATTHEW W. BOROWIEC, Superior Court Judge, specially concurring:

I concur in the result.

Neither Section 479 nor 480, Restatement 2d of Torts, applies to our fact situation. For that reason, the trial court's refusal to instruct on the last clear chance doctrine was correct. However, the distinction between the two principles of law should be restated.

Section 479 applies only to a helpless plaintiff and Section 480 only to an inattentive one. *Odekirk v. Austin*, 90 Ariz. 97, 366 P.2d 80 (1961). In order to permit the giving of the last clear chance instruction in the case of an inattentive plaintiff, clearly our case, the defendant must have actually seen the plaintiff at a time when the plaintiff's impending peril should have been recognized by defendant and defendant still had the opportunity to avoid the injury.

Confusion and creative advocacy have obscured the distinction between a helpless and inattentive plaintiff. In order to avail himself of the advantage of the requirement that defendant "saw or ought to have seen . . .", as opposed to actually seeing the plaintiff's perilous situation, plaintiff suggests that the inattentive plaintiff became a helpless plaintiff by the mere passage of time.

I believe that an inattentive plaintiff remains such if, in his inattentive state, he passes the point in time where he cannot extricate himself because of the lack of time to do so, even if thereafter he became attentive to his crisis. It was his continuing inattention that carried him past the point of no return and he does not thereafter become helpless for purposes of Section 479. Otherwise, there would be no need for two rules as it is difficult to imagine a situation

**188**

where an inattentive plaintiff does not become helpless based solely upon the lack of time to extricate himself.

The mathematical calculations of an accident reconstructionist should not be allowed to convert an inattentive plaintiff to a helpless plaintiff. Once the classification of plaintiff, whether helpless or inattentive, has been determined, and the principle of last clear chance is still found applicable on the facts, such calculations could be useful to determine whether there was a last clear chance to avoid the injury.

As the plaintiff was inattentive, and the defendant did not see plaintiff prior to the accident, or not until there was no chance to avoid the collision, the trial court properly denied the requested instruction.

NOTE: Chief Judge JAMES L. HATHAWAY having requested that he be relieved from consideration of this matter, Superior Court Judge MATTHEW W. BOROWIEC was called to sit in his stead and participate in the determination of this decision.