609 P.2d 609

**UNITED DAIRYMEN OF ARIZONA, an Arizona Corporation and Ronald Dean Pipho, Plaintiffs-Appellants,**

v.

**FISHER–MILLER HAY AND DEVELOPMENT COMPANY, an Arizona Corporation and William Charles Van Liere, Defendants-Appellees.**

**No. 1 CA–CIV 4401.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 3, 1980.

Burch & Cracchiolo, P.A. by Daniel Cracchiolo, Jerry L. Cochran, Phoenix, for appellants.

Morris & Walker by Michael Walker, Phoenix, for appellee Fisher-Miller Hay and Development Co.

Vern E. Gasser and Michael Sullivan, Phoenix, for appellee William Charles Van Liere.

## OPINION

JACOBSON, Judge.

The sole issue in this motor vehicle collision case is whether the trial court properly instructed the jury on the applicable duties of the respective parties.

This action for negligence was instituted by Ronald Pipho and United Dairymen of Arizona against Charles Van Liere and Fisher-Miller Hay and Development Company for injuries and personal property damage sustained by the plaintiffs as the result of a motor vehicle collision where a tank truck driven by Pipho and owned by United Dairymen was struck by a truck driven by Van Liere and owned by Fisher-Miller Hay. The defendants counterclaimed for damages suffered in the same collision. The matter was tried to a jury which rendered a verdict in favor of the counter-defendants and against plaintiffs on defendants' counterclaim and against plaintiffs on their complaint. The plaintiffs have appealed this judgment raising solely the issue of whether the jury was properly instructed concerning defendants' and plaintiffs' statutory duties.

The facts revealed the following circumstances giving rise to this accident. On July 20, 1975, shortly after noon, a United Dairymen truck tank rig approximately 50 feet in length was being driven by Pipho in an easterly direction on Germann Road in Maricopa County. Germann Road is a two-lane paved highway. The United Dairymen truck was being followed by the truck driven by Van Liere. It was Pipho's intention to make a right hand turn off Germann Road into the private driveway of Zinke Dairy. Because of the narrowness of this driveway and the length of the United Dairymen truck, in order to negotiate this turn Pipho swung the truck wide across the

westbound lane of traffic and onto the shoulder north of the road and then turned back across the eastbound lane of traffic to enter the driveway. Pipho testified that during this maneuver the truck's right turn signals were activated. The Fisher-Miller Hay truck struck the United Dairymen truck near the rear dual wheels as it completed the turn.

Van Liere testified he did not see any turn signals and he was under the impression that the United Dairymen truck was going to stop on the north shoulder of the road; thus Van Liere proceeded east in his lane of traffic. When the United Dairymen truck turned back into the east lane of traffic it was too late to avoid the collision. Pipho testified that he thought he had sufficient time to negotiate the turn in safety.

The plaintiffs requested and were refused this instruction:

If you find that any party to this suit violated any of the following laws, then that party is negligent.

*       *       *       *       *       *

The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting the movement in safety. In no event shall the movement be made by driving off the pavement or main-traveled portion of the roadway. (A.R.S. § 28–724(B)).

In addition, the trial court gave, over plaintiffs' objection, this instruction:

If you find that any party to this suit violated any of the following laws, then that party is negligent.

*       *       *       *       *       *

Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway. (A.R.S. § 28–721(A)).

The issue for determination is whether under the facts of this case, taken in a light most favorable to the offering party, *Schneider v. Macari*, 111 Ariz. 483, 533 P.2d 540 (1975), the plaintiffs were entitled to a "passing on the right" instruction and the defendants were entitled to a "right lane only" instruction.

## PASSING ON RIGHT INSTRUCTION

It is the plaintiffs' contention that given Pipho's testimony that the United Dairymen truck's right turn signal was on, coupled with Van Liere's cross-examination testimony that he intended to "pass that truck up on the right," the jury was entitled to consider whether A.R.S. § 28–724(B) was applicable to this collision. It is the defendants' contention that Van Liere never "passed" the United Dairymen truck and that since he was at all times maintaining his proper lane of traffic without deviation, A.R.S. § 28–724(B) is not applicable.

We have read all of the cases cited by both parties on this issue. Obviously what constitutes "overtaking and passing" is subject to a myriad of factual situations. However, it appears that the rule of the road embodied in A.R.S. § 28–724(B) is to control the traffic moving in the same direction and pointed the same way on the road. See Saslow v. Rexford, 395 P.2d 36 (Alaska 1964). For this reason, cases cited by defendants dealing with stopped or unattended vehicles are not applicable. See Jones v. Southwest Pump & Machinery Co., 227 Mo.App. 990, 60 S.W.2d 754 (1933); Rozner v. Harrell Drilling Co., 261 S.W.2d 190 (Tex.Civ.App.1953).

Moreover, from the cases cited it appears that whether a passing statute is applicable to a given fact situation depends upon whether a reasonable person in the position of the following driver would reasonably anticipate that his driving maneuvers would result in the eventual safe overtaking and passing of the lead vehicle. Thus, in the case of Vanausdall v. Schorr, 168 S.W.2d 110 (Mo.App.1943). Cited by the defendants, the court correctly held that a statute, which permitted passing on the left only, was not violated by a following vehicle whose driver could reasonably anticipate that the lead vehicle which was placed in a position of making a left hand turn would continue that maneuver but suddenly veered to the right and struck the following vehicle which was at that point alongside.

The general principle was followed in Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597 (1959) which held that a following plaintiff violated a statute, which permitted passing on the left only, when it overtook the defendant's vehicle which was proceeding in the same direction as the plaintiff's vehicle, but in the wrong lane of traffic and a collision occurred when the defendant's vehicle attempted to return to the right-hand lane.

A case almost identical with the facts here was presented in Levy v. Carolina Aluminum Co., 232 N.C. 158, 59 S.E.2d 632 (1950) where the lead vehicle, in an attempt to make a right-hand turn, swung into the left-hand lane of traffic and was struck by the following vehicle as the right-hand turn maneuver was being completed. The court held that whether a statute requiring passing on the left exclusively was violated by the following driver was a jury question under the circumstances presented. See also Perkins v. Fisher, 218 So.2d 638 (La. App.1969) and Myers v. Traders & General Insurance Co., 81 So.2d 130 (La.App.1955).

■ Under the facts here, as presented by the plaintiff, the United Dairymen truck had its right turn signals on, had never come to a complete stop and was completing its right turn when struck in the rear by the defendants' truck. Under these facts, a jury could have concluded that a reasonable person in Van Liere's position would reasonably anticipate that his continued driving would result in the overtaking and passing on the right of the United Dairymen truck and that this could not be accomplished in safety. Thus a jury could, but was not required to, find that defendant violated A.R.S. § 28–724(B). The failure of the trial court to allow the jury to consider this possible violation of defendants' statutory duty is reversible error.

## RIGHT LANE ONLY INSTRUCTION

Since this matter must be remanded for retrial, we reach plaintiffs' contention that the trial court erred in instructing the jury on plaintiff Pipho's duty to drive upon the right half of the roadway only, as required by A.R.S. § 28–721(A).

Plaintiffs' basic argument is that A.R.S. § 28–721(A), which requires that a motorist drive in the right-hand lane only, with certain exceptions not applicable here, was intended for the protection of oncoming traffic only and was not intended to afford protection to motorists in the position of the defendants who were following. In support of this argument, two Oregon cases are cited: *Oregon Farm Bureau Insurance Co. v. Harmon*, 239 Or. 282, 397 P.2d 534 (1964) and *Spence v. Rasmussen*, 190 Or. 662, 226 P.2d 819 (1951).

The defendants do not specifically address the rationale of the Oregon cases contending instead that Arizona law is to the contrary citing *Dixon v. Alabam Freight Co.*, 57 Ariz. 173, 112 P.2d 584 (1941). However, in *Dixon*, the court was interpreting that portion of the statute (now A.R.S. § 28–721(B)) which provides that motorists shall drive as close to the right edge of the highway as possible, not A.R.S. § 28–721(A) upon which the court instructed here.

Be that as it may, in our opinion, a rule of the road that requires driving on the right half of the roadway, with certain exceptions, is a worthwhile rule for all users of the highways. Obviously, as pointed out by the Oregon court, its primary purpose is to avoid head-on collisions with oncoming traffic. However, it also sets a standard of conduct upon which all users of the highways may rely. Thus, in this case, defendant Van Liere may well have been misled (assuming the jury believed his testimony that the turn signals on the United Dairymen truck were not activated) into believing that Pipho intended to park on the north side of the road, since his truck crossed into the west-bound lane of traffic, and Van Liere therefore proceeded accordingly. It was for the jury to determine whether the violation of this rule was the proximate cause of the accident. The trial court properly instructed the jury on this issue.

For the reasons stated, the judgment of the trial court is reversed and the matter remanded for a new trial.

HAIRE, P. J., and CONTRERAS, J., concur.